**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1.) HEATHER MCBRIDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 14-CV-168-GKF-TLW |
| | ) |
| 1.) GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, HEATHER MCBRIDE ("Plaintiff"), through Plaintiff's attorney, Victor R. Wandres, alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., *47 U.S.C. 227, et seq.* ("TCPA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

6. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is a natural person residing in Tulsa, Tulsa County, Oklahoma.

9. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

11. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

12. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a business entity engaged in the collection of debt within the State of Oklahoma.

14. Defendant is a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas. See Defendant's Answer, Document No. 8, ¶12, 2:13-cv-11710-MOB-RSW.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

17. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

18. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

See Defendant's Answer, Document No. 8, ¶16, 2:13-cv-11710-MOB-RSW.

19. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendant is attempting to collect a consumer debt from Plaintiff regarding an Oklahoma College Assistance loan

22. The alleged debt owed arises from transactions for personal, family, and household purposes.

23. Within in the last year, Defendant was hired to collect on the alleged debt.

24. Defendant called Plaintiff's cellular telephone at 918-577-72xx in an attempt to collect on the alleged debt.

25. Defendant also called Plaintiff's work telephone at 918-252-31xx in an attempt to collect on the alleged debt.

26. Within one (1) year of Plaintiff filing this Complaint, Defendant communicated with Plaintiff in an attempt to collect on the alleged debt.

27. In 2013, Plaintiff orally agreed with Defendant to allow monthly payments to be drawn from Plaintiff's personal checking account, and paid towards Plaintiff's debt.

28. Defendant did not provide to Plaintiff, nor did Plaintiff execute, any written or electronic

writing memorializing or authorizing the recurring or automatic payments.

29. Plaintiff did not provide Defendant either with a written or an electronic signature authorizing the recurring or automatic payments.

30. The payment plan which Defendant induced Plaintiff to enter required Plaintiff to pay $95.00 to Defendant, to be automatically electronically transferred from Plaintiff's account every month.

31. Despite having entered into a payment plan with Defendant, Defendant continues to place telephone calls to Plaintiff up to four times a day in attempt to collect on the alleged debt.

32. Defendant also places calls to Defendant's niece in an attempt to collect on the alleged debt.

33. Defendant's niece was not a co-signor on Plaintiff's debt and does not owe Plaintiff's debt.

34. Despite this, Defendant continues to place telephone calls to Plaintiff's niece up to three times a week in attempt to collect on the alleged debt.

35. Within one (1) year of Plaintiff filing this Complaint, Defendant left Plaintiff at one voicemail message regarding the alleged debt.

36. Defendant's voicemail message requested that Plaintiff call Defendant back at 877-551-9777.

37. Within one (1) year of Plaintiff filing this Complaint, Defendant sent Plaintiff at least one text message regarding the alleged debt.

38. Defendant's text message for Plaintiff does not state that the message is from GC Services, LP.

39. Defendant's text message for Plaintiff does not state that the message is an attempt to collect a debt.

40. The telephone number of 877-551-9777 is one of Defendant's telephone numbers.

41. Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

42. Defendant has caused Plaintiff great anxiety, stress, and humiliation from being incessantly contacted by Defendant, and having Defendant consistently call Plaintiff's niece, despite having made ongoing electronic payments in connection with the same alleged debt.

43. Defendant maintained a Call Detail Search regarding Plaintiff's Account.

44. Defendant maintained an Account Detail Listing regarding Plaintiff's Account.

45. Defendant recorded all of its telephone communications with Plaintiff regarding the Account.

46. Defendant recorded all of its telephone communications with third parties regarding the Account.

47. Defendant has in its possession audio recordings made in connection with Defendant's efforts to collect the debt at issue in this matter.

48. In the normal course of business, Defendant does not retain copies of the actual letters it sends to various debtors.

49. Here, Defendant did not retain copies of the actual letters it sent to Plaintiff regarding the Account.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

50. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692c(a)(3) of the FDCPA by continuing to call Plaintiff at her place of employment after Plaintiff told Defendant to stop calling;

   b. Defendant violated §1692c(b) of the FDCPA when Defendant contacted Plaintiff's niece, a third party, without Plaintiff's permission, and after Defendant was already in touch with Plaintiff, in an attempt to collect a debt from Plaintiff;

   c. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt when Defendant repeatedly and continuously contacted Plaintiff up to four times per day in connection with an alleged debt which Plaintiff had previously been making automatic electronic recurring payments towards;

   d. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant repeatedly placed collections calls to Plaintiff up to four times per day in connection with an alleged debt on which Plaintiff had already been making regular and recurring automatic electronic payments;

   e. Defendant violated §1692e of the FDCPA by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

   f. Defendant violated §1692e(10) of the FDCPA by using false representation or

      deceptive means in connection with the collection the alleged debt; and

   g. Defendant violated §1692e(11) of the FDCPA when Defendant sent Plaintiff a text message that did not state the communication was an attempt to collect a debt.

51. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

52. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, HEATHER MCBRIDE, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

53. Actual damages;

54. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

55. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

56. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANTS VIOLATED THE ELECTRONIC FUND TRANSFER ACT

57. Plaintiff repeats and re-alleges paragraphs 1-49 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

58. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when

7

made."

59. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

60. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

61. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." Id. at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

62. In multiple instances, Defendants have debited Plaintiff's checking account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

63. In multiple instances, Defendants have debited Plaintiff's checking account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a),

and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, HEATHER MCBRIDE, respectfully requests judgment be entered against Defendants, GC SERVICES, LP, for the following:

64. Actual damages;

65. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

66. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

67. Any other relief this Honorable Court deems appropriate.

### COUNT III
### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

68. Plaintiff repeats and re-alleges paragraphs 1-49 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

69. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency unsolicited text messages to Plaintiff's cellular telephone using an automatic telephone dialing system and/or texting system in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

70. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

71. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C)*.

72. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, HEATHER MCBRIDE, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

73. As a result of Defendant's negligent violations of *47 U.S.C. 227(b)(1)*, Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

74. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. 227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)* and *47 U.S.C. 227(b)(3)(C)*.

75. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

76. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

April 9, 2014

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net